TOWNE v. RICE.

The storage of a wagon by the vendee of the same, six days after the sale, in the barn of the vendor over night for convenience and security, held, under the circumstances of the case, not to be conclusive evidence of a secret and fraudulent trust in the sale.

REPLEVIN, for a buggy wagon. The pleadings raised the issue whether the wagon at the time of the taking was the property of Israel F. Towne, or of Gardner Towne, the plaintiff. Facts found by a referee. Israel resided in Stoddard and Gardner in Hillsborough, and are brothers. Israel being about to remove to Massachusetts with his family, sold to Gardner a horse, harness, and the buggy wagon in question, for which he had no further use, and needed their value in money. Gardner took immediate possession, putting the horse and harness in the barn of a neighbor, and the wagon under his own mill-shed, sixty rods from the dwelling of Israel. On the next day, or next but one, Israel's wife hired the team of Gardner, and in company with her brother went to Ware, where she remained four or five days on a visit to another brother. The horse becoming disabled, she procured her brother's horse and returned home, arriving just at night. The horse was put in Israel's barn, and the wagon left outside. Gardner came in the evening and drew it into the barn, for his own convenience and the security of the wagon. Soon after, on the same evening, the defendant, who was a deputy sheriff, attached the wagon and took it away. Before attaching it he was informed by Israel that he had sold it and got his pay. Israel made no use of the wagon after he sold it. The sale and purchase of the wagon were without fraudulent intent on the part of both Israel and Gardner.

The court ordered judgment on the report for the plaintiff, and the defendant excepted.

*Healey*, for the defendant.

*Pierce & Holman* and *Woodward*, for the plaintiff.

SMITH, J. The sale of the wagon was not fraudulent in fact or in law. The change of possession was such as usually follows a change of ownership. It was open, visible, and substantial, the wagon being immediately removed by the plaintiff to his own premises, and taken into his own exclusive possession. The subsequent hiring and use of the wagon by the vendor's wife was not a hiring or use by the husband. Her possession of the wagon as the bailee for hire of the plaintiff was not the possession of the husband nor of his agent. It does not appear that upon her return from Ware she parted with the possession of the wagon, or put it into the possession of her husband. If the plaintiff's storing it in the barn for his own convenience and the security of the wagon was placing it in the vendor's possession, it was not such a possession by the vendor as under the circumstances shows that the sale was accompanied with a secret trust. Subsequent possession by the vendor is open to explanation, and the explanation in this case is satisfactory.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.